**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| BERNARD STERN, Individually and On Behalf of All Others Similarly Situated, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ATWOOD OCEANICS, INC., GEORGE S. DOTSON, JACK E. GOLDEN, HANS HELMERICH, JEFFREY A. MILLER, JAMES R. MONTAGUE, ROBERT J. SALTIEL, PHIL D. WEDEMEYER, ENSCO PLC, and ECHO MERGER SUB LLC, )<br>)<br>Defendants. ) | Case No. _____<br><br>JURY TRIAL DEMANDED<br><br>CLASS ACTION |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. This action stems from a proposed transaction announced on May 30, 2017 (the "Proposed Transaction"), pursuant to which Atwood Oceanics, Inc. ("Atwood" or the "Company") will be acquired by Ensco plc ("Parent") and Echo Merger Sub LLC ("Merger Sub," and together with Parent, "Ensco").

2. On May 29, 2017, Atwood's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Ensco. Pursuant to the terms of the Merger Agreement, shareholders of Atwood will receive 1.60 Class A ordinary shares of Parent per Atwood share, valued at

approximately $10.72 per share.

3. On June 16, 2017, defendants filed a Form S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4. The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Atwood common stock.

9. Defendant Atwood is a Delaware corporation and maintains its principal executive office at 15011 Katy Freeway, Suite 800, Houston, Texas 77094. Atwood's common

stock is traded on the NYSE under the ticker symbol "ATW."

10. Defendant George S. Dotson ("Dotson") is a director of Atwood and has served as Chairman of the Board since 2011. According to the Company's website, Dotson is a member of the Audit Committee, the Compensation Committee, and the Nominating and Corporate Governance Committee.

11. Defendant Jack E. Golden ("Golden") is a director of Atwood. According to the Company's website, Golden is a member of the Audit Committee, the Compensation Committee, and the Nominating and Corporate Governance Committee.

12. Defendant Hans Helmerich ("Helmerich") is a director of Atwood. According to the Company's website, Helmerich is Chairman of the Nominating and Corporate Governance Committee.

13. Defendant Jeffrey A. Miller ("Miller") is a director of Atwood. According to the Company's website, Miller is a member of the Audit Committee, the Compensation Committee, and the Nominating and Corporate Governance Committee.

14. Defendant James R. Montague ("Montague") is a director of Atwood. According to the Company's website, Montague is Chairman of the Compensation Committee and a member of the Audit Committee and the Nominating and Corporate Governance Committee.

15. Defendant Robert J. Saltiel ("Saltiel") is a director of Atwood and has served as Chief Executive Officer ("CEO") since 2009.

16. Defendant Phil D. Wedemeyer ("Wedemeyer") is a director of Atwood. According to the Company's website, Wedemeyer is Chairman of the Audit Committee and a member of the Compensation Committee and the Nominating and Corporate Governance Committee.

17. The defendants identified in paragraphs 10 through 16 are collectively referred to herein as the "Individual Defendants."

18. Defendant Parent is an English limited company and a party to the Merger Agreement.

19. Defendant Merger Sub is a Texas limited liability company, a wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

## CLASS ACTION ALLEGATIONS

20. Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of Atwood (the "Class"). Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

21. This action is properly maintainable as a class action. The Class is so numerous that joinder of all members is impracticable. As of May 26, 2017, there were approximately 80,519,422 shares of Atwood common stock outstanding held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

22. Questions of law and fact are common to the Class, including, among others: (i) whether defendants violated the 1934 Act; and (ii) whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

23. Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

24. The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

25. Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

26. Atwood is a leading offshore drilling company engaged in the drilling and completion of exploration and development wells for the global oil and gas industry.

27. The Company currently owns nine mobile offshore drilling units and is constructing two ultra-deepwater drillships.

28. On February 3, 2017, Atwood issued a press release wherein it reported its fiscal 2017 first quarter earnings. Among other things, the Company reported that it had earned net income of $9.7 million, or $0.15 per diluted share, a significant increase compared to net income of $4.2 million, or $0.07 per diluted share, for the quarter ended September 30, 2016.

29. Nevertheless, the Individual Defendants caused the Company to enter into the Merger Agreement, pursuant to which the Company will be acquired for inadequate consideration.

5

30. The Individual Defendants have all but ensured that another entity will not emerge with a competing proposal by agreeing to a "no solicitation" provision in the Merger Agreement that prohibits the Individual Defendants from soliciting alternative proposals and severely constrains their ability to communicate and negotiate with potential buyers who wish to submit or have submitted unsolicited alternative proposals.

31. Further, the Company must promptly advise Ensco of any proposals or inquiries received from other parties.

32. Moreover, the Merger Agreement contains a highly restrictive "fiduciary out" provision permitting the Board to withdraw its approval of the Proposed Transaction under extremely limited circumstances, and grants Ensco a "matching right" with respect to any "Superior Proposal" made to the Company.

33. Further locking up control of the Company in favor of Ensco, the Merger Agreement provides for a "termination fee" of $30 million payable by the Company to Ensco if the Individual Defendants cause the Company to terminate the Merger Agreement.

34. By agreeing to all of the deal protection devices, the Individual Defendants have locked up the Proposed Transaction and have precluded other bidders from making successful competing offers for the Company.

35. The consideration to be paid to plaintiff and the Class in the Proposed Transaction is inadequate.

36. Among other things, the intrinsic value of the Company is materially in excess of the amount offered in the Proposed Transaction.

37. Accordingly, the Proposed Transaction will deny Class members their right to share proportionately and equitably in the true value of the Company's valuable and profitable

6

business, and future growth in profits and earnings.

*The Registration Statement Omits Material Information, Rendering It False and Misleading*

38. Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

39. The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading.

40. First, the Registration Statement omits material information regarding the Company's financial projections, Ensco's financial projections, and the analyses performed by the Company's financial advisor, Goldman Sachs & Co. LLC ("Goldman Sachs"), in support of its so-called fairness opinion.

41. With respect to Atwood's financial projections, the Registration Statement fails to disclose: (i) earnings; (ii) interest; (iii) taxes; (iv) depreciation and amortization; (v) capital expenditures; (vi) unlevered taxes; (vii) changes in working capital; (viii) proceeds from disposal of assets; and (ix) a reconciliation of all non-GAAP to GAAP metrics.

42. With respect to Ensco's financial projections, the Registration Statement fails to disclose: (i) earnings; (ii) interest; (iii) taxes; (iv) depreciation and amortization; (v) capital expenditures; (vi) unlevered taxes; (vii) changes in working capital; (viii) proceeds from disposal of assets; and (ix) a reconciliation of all non-GAAP to GAAP metrics.

43. With respect to the combined company forecasts, the Registration Statement fails to disclose: (i) earnings; (ii) interest; (iii) income taxes; (iv) depreciation and amortization; (v) taxes; (vi) capital expenditures; (vii) mobilization costs; (viii) proceeds from disposal of assets; and (ix) changes in net working capital.

44. With respect to Goldman Sachs' *Illustrative Discounted Cash Flow Analysis – 5-year DCF Model – Atwood Standalone*, the Registration Statement fails to disclose: (i) the range of illustrative terminal values for Atwood; (ii) the inputs and assumptions underlying the discount rates ranging from 13.0% to 15.0%; (iii) Atwood's net debt; and (iv) the number of fully diluted outstanding shares of Atwood provided by the management of Atwood.

45. With respect to Goldman Sachs' *Illustrative Discounted Cash Flow Analysis – 5-year DCF Model – Ensco Standalone*, the Registration Statement fails to disclose: (i) the range of illustrative terminal values for Ensco; (ii) the inputs and assumptions underlying the discount rates ranging from 12.0% to 14.0%; (iii) Ensco's net debt; and (iv) the number of fully diluted outstanding shares of Ensco provided by the management of Atwood.

46. With respect to Goldman Sachs' *Illustrative Discounted Cash Flow Analysis – 5-year DCF Model – Pro Forma*, the Registration Statement fails to disclose: (i) the range of illustrative terminal values for the combined company; (ii) the inputs and assumptions underlying the discount rates ranging from 12.0% to 14.0%; (iii) the calculated terminal year estimate of EBITDA to be generated by the combined company; (iv) the combined company's pro forma net debt; and (v) the number of estimated pro forma fully diluted outstanding shares of the combined company following closing as provided by the management of Atwood.

47. With respect to Goldman Sachs' *Illustrative Discounted Cash Flow Analysis – Asset Life Model – Atwood Standalone*, the Registration Statement fails to disclose: (i) the inputs and assumptions underlying the discount rates ranging from 13.0% to 15.0%; (ii) Atwood's net debt; and (iii) the number of fully diluted outstanding shares of Atwood provided by the management of Atwood.

48. With respect to Goldman Sachs' *Illustrative Discounted Cash Flow Analysis – Asset Life Model – Ensco Standalone*, the Registration Statement fails to disclose: (i) the inputs and assumptions underlying the discount rates ranging from 12.0% to 14.0%; (ii) Ensco's net debt; and (iii) the number of fully diluted outstanding shares of Ensco provided by the management of Atwood.

49. With respect to Goldman Sachs' *Illustrative Discounted Cash Flow Analysis – Asset Life Model – Pro Forma*, the Registration Statement fails to disclose: (i) the inputs and assumptions underlying the discount rates ranging from 12.0% to 14.0%; (ii) the combined company's pro forma net debt; and (iii) the number of pro forma fully diluted outstanding shares provided by the management of Atwood.

50. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed. Moreover, the disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

51. The omission of this material information renders the Registration Statement false and misleading, including, *inter alia*, the following sections of the Registration Statement: (i) "Background of the Merger"; (ii) "Atwood's Reasons for the Merger; Recommendation of the Atwood Board of Directors"; (iii) "Opinion of Financial Advisor to Atwood"; (iv) "Certain Unaudited Financial Forecasts Prepared By the Management of Ensco"; and (v) "Certain Unaudited Financial Forecasts Prepared By the Management of Atwood."

52. Second, the Registration Statement omits material information regarding potential conflicts of interest of the Company's officers and directors.

53. Specifically, the Registration Statement fails to disclose the timing and nature of all communications regarding future employment and/or directorship of Atwood's officers and directors, including who participated in all such communications, including such communications with regard to Individual Defendants Golden's and Wedemeyer's future positions as directors of Ensco.

54. Communications regarding post-transaction employment during the negotiation of the underlying transaction must be disclosed to stockholders. This information is necessary for stockholders to understand potential conflicts of interest of management and the Board, as that information provides illumination concerning motivations that would prevent fiduciaries from acting solely in the best interests of the Company's stockholders.

55. The omission of this material information renders the Registration Statement false and misleading, including, *inter alia*, the following sections of the Registration Statement: (i) "Background of the Merger"; (ii) "Atwood's Reasons for the Merger; Recommendation of the Atwood Board of Directors"; and (iii) "Board of Directors and Executive Officers of Ensco Following the Merger."

56. Third, the Registration Statement omits material information regarding potential conflicts of interest of Goldman Sachs.

57. Specifically, the Registration Statement fails to disclose Goldman Sachs' holdings in Atwood's, Ensco's, and their affiliates' stock.

58. Full disclosure of all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

59. The omission of this material information renders the Registration Statement false and misleading, including, *inter alia*, the following sections of the Registration Statement: (i) "Background of the Merger"; (ii) "Atwood's Reasons for the Merger; Recommendation of the Atwood Board of Directors"; and (iii) "Opinion of Financial Advisor to Atwood."

60. Fourth, the Registration Statement omits material information regarding the background of the Proposed Transaction. The Company's stockholders are entitled to an accurate description of the process the directors used in coming to their decision to support the Proposed Transaction.

61. For example, while the Registration Statement provides that "[t]here were no further discussions with Company D or its representatives prior to the announcement of the merger," the Registration Statement fails to disclose whether there were any further discussions with Company D following the announcement of the Proposed Transaction.

62. The omission of this material information renders the Registration Statement false and misleading, including, *inter alia*, the following sections of the Registration Statement: (i) "Background of the Merger"; and (ii) "Atwood's Reasons for the Merger; Recommendation of the Atwood Board of Directors."

63. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to Atwood's stockholders.

## COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Atwood

64. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

65. The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Atwood is liable as the issuer of these statements.

66. The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

67. The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

68. The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

69. The Registration Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

70. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

71. Because of the false and misleading statements in the Registration Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants and Ensco

72. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

73. The Individual Defendants and Ensco acted as controlling persons of Atwood within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or directors of Atwood and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

74. Each of the Individual Defendants and Ensco was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

75. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly in the making of the Registration Statement.

76. Ensco also had direct supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

77. By virtue of the foregoing, the Individual Defendants and Ensco violated Section 20(a) of the 1934 Act.

78. As set forth above, the Individual Defendants and Ensco had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for

plaintiff's attorneys' and experts' fees; and

  F.  Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff respectfully requests a trial by jury on all issues so triable.

| | |
|---|---|
| Dated: June 23, 2017 | **KENDALL LAW GROUP, PLLC** |
| | By: */s/ Joe Kendall* |
| **OF COUNSEL:** | Joe Kendall |
| | Texas Bar No. 11260700 |
| **RIGRODSKY & LONG, P.A.** | jkendall@kendalllawgroup.com |
| 2 Righter Parkway, Suite 120 | Jamie J. McKey |
| Wilmington, DE 19803 | Texas Bar No. 24045262 |
| Telephone: (302) 295-5310 | jmckey@kendalllawgroup.com |
| Facsimile: (302) 654-7530 | 3232 McKinney Avenue, Suite 700 |
| | Dallas, TX 75204 |
| **RM LAW, P.C.** | Telephone: (214) 744-3000 |
| 1055 Westlakes Drive, Suite 3112 | Facsimile: (214) 744-3015 |
| Berwyn, PA 19312 | |
| Telephone: (484) 324-6800 | *Attorneys for Plaintiff* |
| Facsimile: (484) 631-1305 | |